IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON EARL WOODS, | No. 2:23-CV-3053-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| GENA JONES, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

The incident at issue in this case occurred on August 26, 2023, at the California Health Care Facility ("CHCF") in Stockton, California. See ECF No. 1, pgs. 1-3. Plaintiff names the following two parties as Defendants: (1) Warden Gena Jones ("Defendant Jones"), and (2) Correctional Officer Ruiz ("Defendant Ruiz"). See id. at 1-2.

On August 26, 2023, Plaintiff was housed at CHCF. See id. at 3-5. At approximately 10:30 am – 11:00 am, Defendant Ruiz began driving Plaintiff and two other inmates[1] in a transport cart, without seatbelts or safety restraints. See id. Then, Defendant Ruiz attempted to drive the transport cart at full speed through an arched entrance. See id. With considerable speed and the wide size of the transport cart, Defendant Ruiz crashed the transport cart into both sides of the arched entrance. See id. On impact, Plaintiff's body was thrown forward and slammed into various parts of the transport cart. See id. Plaintiff's leg was subsequently caught and twisted by a side rail. See id. Eventual medical examinations revealed bodily injuries to Plaintiff's left leg, left foot, and ankles. See id. Plaintiff also suffered emotional and mental trauma from the crash. See id.

///
///
///

---

[1] One of whom is Deshawn Campbell, who has filed a separate action arising from this incident. See Campbell v. Ruiz, et al., 2:24-cv-0119-DMC-P.

Plaintiff asserts Defendant Ruiz acted with deliberate indifference when Defendant Ruiz crashed the transport cart carrying Plaintiff. See id. Plaintiff also alleges Defendant Ruiz's conduct constituted health and safety issues, in violation of Plaintiff's rights. See id. Additionally, Plaintiff claims Defendant Jones had a responsibility to ensure the safety of CHCF staff and inmates. See id.

## II.  DISCUSSION

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has stated a plausible Eighth Amendment claim against Defendant Ruiz.  For the reasons discussed below, however, Plaintiff has not stated a cognizable claim against Defendant Jones.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the

official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Here, Plaintiff's claim against Defendant Jones appears to rest entirely on a respondeat superior theory of liability.  As discussed above, such a theory is not cognizable under § 1983.  Plaintiff will be provided an opportunity to amend to allege what, if any, specific conduct on the part of Defendant Jones caused or contributed to a constitutional violation.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

/ / /

/ / /

/ / /

/ / /

1 |         Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended
2 | complaint within 30 days of the date of service of this order.
3 |
4 | Dated:  January 16, 2024
5 |                                                     _____
6 |                                                     DENNIS M. COTA
                                                        UNITED STATES MAGISTRATE JUDGE